# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN LATEEF WALTERS )
      Plaintiff, )
)
-vs- )
)
STEVEN WILLIAMS JR, BERNADETTE )
CERVALO, QUINN WILLIAMS )
)
      Defendants. )

CASE NO. 2:23-cv- 1956

#9

1544

No Fee/IFP

RECEIVED

NOV 13 2023

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT

Plaintiff, Sean Walters (Shareholder Plaintiff) files the within Complaint:

## FACTUAL ALLEGATIONS

1. This action involved a closely held corporation engaged in the business of operating community based residential care homes for disabled individuals. The individual parties are 25% shareholders of On-Site Companionship Services, Inc.

2. The Plaintiff brings this action as a result of the Defendants' misconduct regarding misappropriation, waste of corporate assets and credit, and misuse of the name of the Plaintiff as well as forging his signature on state documents in order to be eligible for government funding.

3. Plaintiff also brings forth this action as a result of Defendants Steven Williams Jr.'s conversion of his personal assets including shares of On-Site, corporate distributions, and wages. Further, Defendant Steven Williams Jr. has acted with willful deception as

detailed herein by using the Plaintiff's name as CEO without his knowledge following being pushed out of the company by Steven Williams Jr.

4. On-Site was originally founded by Steven Williams III, Defendants Steven Williams, Jr, Quinn Williams, and Plaintiff Sean Lateef Walters. All four individuals contributed equal capital and agreed that each individual would have 25% ownership stake in On-Site.

5. Sean Walters, Quinn Williams, and Steven Williams III served as shareholders, directors, and employees of On-Site.

6. All parties managed On-Site with equal authority and responsibility. Per the organizational by-laws (attached hereto as **EXHIBIT A**) the Plaintiff received bi-weekly distributions for his ownership and employment with the Company. Plaintiff is an original Board of Directors Member as shown on the meeting minutes from November 25th 2017 (hereto as attached **EXHIBIT B**).

7. On-Site has prospered and made a profit since its founding.

8. Sean Lateef Walters was pushed out of the Company due to his commitment to his family. Plaintiff Walters would drive from Pittsburgh, Pennsylvania to Charlotte, North Carolina every weekend after completing his duties within the homes of On-Site to visit his family, which include his partner and children. Defendant Steven Williams Jr. used this commitment against him to push him out of his position, all while continuing to use his name as CEO without Plaintiffs knowledge.

9. Beginning 2022, disagreements arose among the shareholders over the use and allocation of corporate assets and credit. Shareholders worked in good faith to resolve the disagreements and streamline the Company's finances. These disagreements caused Shareholder Steven Williams III to highlight the importance of reconnecting with

Plaintiff Walters. Shareholder Steven Williams III reconnected with Sean Walters on March 15, 2023 and uncovered the truth about the use of his name being used as CEO.

10. In response to the discovery of the misappropriation of over $1 Million, Defendant retaliated and Steven Williams Jr unilaterally terminated the employment of numerous On-Site employees, including but not limited to Steven Williams III and Quinn Williams. This decision abruptly stopped the monthly payments being made to Plaintiff Sean Walters. The payments were considering the ongoing shareholder dispute, and a portion of his rightful 25% ownership pay.

11. Defendant Steven Williams Jr. also fired the accountant who conducted the forensic audit which proved the misappropriation of funds, Michele Gaines.

12.  Defendant exceeded his corporate and legal authority in carrying out the terminations.

13. Defendants Steven Williams Jr. and Bernadette Cervalo engaged in self-dealing in the following manner:

    a.   Terminating Shareholders employment at On-Site;

    b.   Converting Shareholder Plaintiffs corporate ownership shares and distributions;

    c.   Converting wages;

    d.   Excluding Plaintiff from receiving dividends, benefits, and distributions;

    e.   Denying Plaintiff appraisal rights and the true value of shares in On-Site;

    f.   Other acts that were malicious, deliberate, intentional, outrageous, wanton, or in reckless disregard of Plaintiff's interests;

    g.   Misappropriation of corporate funds;

    h.   Other acts that violated community standards of decency, fairness and reasonableness.

14. Defendant Quinn Williams engaged in self-dealing in the following manner:

    a. Forging Sean Lateef Walters' signature onto training documents for requalification through the State of Pennsylvania to continue providing care and receiving funds for adults with intellectual disabilities. Hereto as attached **EXHIBIT C.**

    b. Colluding with Steven Williams Jr. to convert ownership percentages of Sean Walters and Steven Williams III.

## PARTIES

15. Plaintiff Sean Lateef Walters is an adult individual who resides in North Carolina.

16. Defendant Quinn Williams is an adult individual who resides in Pennsylvania.

17. Defendant Steven Williams Jr. is an adult individual who resides in Florida.

18. Defendant Bernadette Cervalo is an adult individual who resides in Florida.

## JURISDICATION AND VENUE

19. Subject matter jurisdiction is proper to this Court pursuant to 28 U.S.C § 1332, as there is diversity of citizenship, and the amount of controversy exceeds $75,000.

20. Venue is proper in this District, pursuant to 28 U.S.C § 1391, because On-Site is a Pennsylvania Corporation, and the events or omissions giving rise to Plaintiff's claims occurred in this District.

## COUNT I

**APPOINTMENT OF RECEIVER FOR OPPRESSIVE ACTIONS AND WASTE OF CORPORATE ASSETS 15 Pa.C.S.A. § 1767 1981, 1985**
**Plaintiff v. Defendants**

21. Plaintiff incorporates by reference all the other paragraphs in this Complaint as though set forth fully and at the length herein.

22. As described above, Defendants Steven Williams Jr. was and is in a position of control of On-Site, claiming sole owner, and has acted illegally, oppressively and fraudulently toward the Company and Plaintiff.

23. On-Site cannot operate properly due to Defendants Bernadette Cervalo and Steven Williams Jr.'s misconduct as described above.

24. Defendants Steven Williams Jr. and Bernadette Cervalo are wasting the corporation's assets and have acted oppressively, illegally and fraudulently towards Plaintiff.

WHEREFORE, Plaintiff demands damages in excess of $75,000 be awarded in his favor, and against Defendants, together with punitive damages, costs, interest and any other relief which is deemed just and appropriate under the circumstances.

## COUNT II

### FORGERY AND FRAUDULENT PRACTICES
### P.a.C.S.A 18 § 4101
### Plaintiff v. Defendants

25. Plaintiff incorporates by reference all the other paragraphs un this Complaint as though set forth fully and at the length herein.

26. As described above, Defendant Quinn Williams forged Sean Walters signature onto training documents to submit to the State of Pennsylvania for requalification to continue providing care to adults with intellectual disabilities. A case was brought against Steven Williams Jr. and his wife Bernadette Cervalo on April 28th 2023 Case No. 2:23-CV-00715-CCW, when Steven Williams Jr. unilaterally made the decision to rename himself as CEO of the Company. Within that case, Sean Walters, Steven Williams III, and Quinn Williams all signed a Shareholder resolution. Hereto as attached (**EXHIBIT D**) a copy of

the requalification provided by the State of PA on April 25th 2023, naming Sean Walters as CEO.

WHEREFORE, Plaintiff demands damages in excess of $75,000 be awarded in his favor, and against Defendants, together with punitive damages, costs, interest and any other relief which is deemed just and appropriate under the circumstances.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**Plaintiff v. Defendants**

27. Plaintiff incorporates by reference all the other paragraphs in this Complaint as though set forth fully and at the length herein.

28. At all relevant times, Plaintiff Steven Williams Jr. was a 25% shareholder of On-Site, not sole owner.

29. As described above, Defendant Steven Williams Jr. unilaterally pushed Sean Lateef Walters out of the Company.

30. Steven Williams III pushed the narrative between the owners to bring Sean Walters back on board with the Company, which created a divide with him and the other shareholders, as he notified Quinn and Steven Williams Jr that he would reach out to Sean Walters to notify him of the embezzlement occurring within On-Site. This meeting between the Plaintiff and Steven Williams III on March 15th 2023 uncovered many truths of the actions of Defendants Quinn Williams and Steven Williams Jr.

WHEREFORE, Plaintiff demands damages in excess of $75,000 be awarded in his favor, and against Defendants, together with punitive damages, costs, interest and any other relief which is deemed just and appropriate under the circumstances.

## COUNT IV
## COMMERCIAL BRIBERY AND BREACH OF DUTY TO ACT DISINTERESTEDLY
### Plaintiff v. Defendants

31. Plaintiff incorporates by reference all the other paragraphs un this Complaint as though set forth fully and at the length herein.

32. Defendants Steven Williams Jr. and Quinn Williams colluded to convert owners' percentages, which Steven Williams Jr. stated in a text message to Quinn, hereto as attached **EXHIBIT E**.

33. Defendant Quinn Williams withdrew from Case No. 2:23-CV-00715-CCW on June 19, 2023, creating a conflict of interest for the Company's counsel at the time, Ken Hardin of Hardin Thompson, PC. Quinn acted in this manner in order to continue his collusion with Steven Williams Jr. to convert assets and percentages. In return, Quinn was offered a position with On-Site in which he is now able to carry on his lifestyle he accumulated as a 25% owner of On-Site Companionship Services, Inc.

WHEREFORE, Plaintiff demands damages in excess of $75,000 be awarded in his favor, and against Defendants, together with punitive damages, costs, interest and any other relief which is deemed just and appropriate under the circumstances.

## COUNT VII
## CONVERSION
### Plaintiff v. Defendants

34. Plaintiff incorporates by reference all the other paragraphs in this Complaint as though set forth fully and at length herein.

35. After terminating Quinn and Steven Williams III, Defendant Steven Williams Jr. froze them and the Plaintiff out of the company by preventing them from accessing corporate bank accounts, corporate documents and their corporate emails.

36. After pushing the Plaintiff out of the Company, Defendant Steven Williams Jr. also prevented Plaintiff from them having any role in corporate decision making.

37. Defendants Steven Williams Jr. and Bernadette Cervalo prevented Plaintiff from taking any salary or distributions from the Company.

38. As a direct and proximate action of such conversions, Plaintiff has and will continue to suffer economic damages.

WHEREFORE, Plaintiff demands damages in excess of $75,000 be awarded in his favor, and against Defendants, together with punitive damages, costs, interest and any other relief which is deemed just and appropriate under the circumstances.

## PRAYER FOR RELIEF

Based on foregoing, Plaintiff requests the following in order to prevent any further harm as described above:

a. Monetary relief in the amount of $1,000,000 for unpaid wages from 2021-2023.

b. Monetary relief in the amount of $300,00 for past due medical bills for cancer, ongoing treatments, and medications.

c. Monetary relief in the amount of $600,000 for oppression, discrimination, and pain and suffering.

d. An award of pre-judgement and post-judgement; and

e. Such other and further relief as the Court deems just and proper.

Respectfully submitted,
Sean Lateef Walters, *pro se*
1525 Arrowwood Rd. Apt 338
Charlotte, NC 28217
seanlateefwalters@gmail.com
980-579-4687